[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Nicholas M. Stasulli appeals the decision of the Commissioner of Motor Vehicles suspending his motor vehicle operator's license for a period of one year. The Commissioner acted pursuant to General Statutes 14-227b and was based on the finding of the Department's hearing officer that the plaintiff had refused to submit to a chemical test of the alcohol content of his blood. The plaintiff's appeal is authorized by 4-183. The court finds the issues in favor of the defendant Commissioner.
At the request of the plaintiff, the Department held a hearing on the proposed suspension of the plaintiff's license. A hearing officer, appointed by the Commissioner pursuant to14-4, conducted the hearing and issued the final decision in the Commissioner's behalf. The plaintiff was represented by counsel but did not testify or offer any evidence. The police officer who arrested the plaintiff did not appear, but the hearing officer admitted in evidence the police A 44 report form and attachments over the plaintiff's objections.
The plaintiff raises several issues on appeal, which the CT Page 1063 court addresses separately below.
The plaintiff contends that the hearing officer improperly assumed the dual role of advocate and adjudicator at the hearing; In this regard, he claims that the hearing officer should not have reviewed the A 44 form before it was formally introduced in evidence. The plaintiff argues that the hearing procedure denied him due process in this respect. The plaintiff further contends that the hearing officer improperly allowed the police officer's narrative report in evidence as a supplement to the printed A 44 form. The court has grouped these two disparate claims together because the same issues are addressed in an earlier case decided by this court. See Matthew Coman v, [v.] Department of Motor Vehicles, No. CV92 070 28 13 (Superior Court, Hartford J.D., decision filed April 12, 1992, Maloney, J.). For the reasons set forth in that decision, the plaintiff's arguments concerning the hearing officer's status in the case and the supplement to the A 44 report form may not be sustained.
The plaintiff next claims that the signature of the police officer on his reports is illegible. This is in the nature of a factual dispute, which must be resolved in favor of the administrative agency if there is substantial evidence to support the agency's findings. Lawrence v. Kozlowski,171 Conn. 705 (1976). In this case, the documents themselves contain ample evidence that the signature in question is that of Patrolman Rowen of the Meriden Police Department. The hearing officer was entitled to rely on that evidence in finding that the report was properly signed.
The plaintiff claims that there was insufficient evidence to support the hearing officer's finding that the plaintiff refused the breath test. This claim is based on some inconsistencies in the police report, including the police officer's failure to check some appropriate blocks on the form. However, taken as a whole, including especially the officer's supplemental narrative report, the police report clearly and specifically indicates that the plaintiff did indeed refuse to submit to the required test. The court finds that there was the requisite amount of substantial evidence to support the decision on this issue.
Finally, the plaintiff claims that the hearing officer's decision is of no effect because he neglected to sign it. It CT Page 1064 is undisputed that the copy of the decision that the plaintiff received in the mail and purporting to be the decision of the Commissioner "By: Atty Mark Gutis — Hearing Officer" and the copy of that decision which was filed as part of the record in this appeal do not bear the handwritten signature of the hearing officer. The record copy does contain a statement signed by the department's division chief that the document is "a true copy of final decision of the Commissioner of Motor Vehicles. . ."
Following initial oral argument by counsel to the court in this appeal, the court ordered counsel to appear and offer whatever evidence they might have, relevant to the validity of the purported decision received by the plaintiff and filed as part of the record in this appeal. At the subsequent hearing on this appeal, the defendant Commissioner filed an addition to the record, with permission of the court pursuant to 4-183(g). This consisted of several documents. One document is an affidavit of Mr. Gutis, the hearing officer. He states that he heard the plaintiff's case and then completed a "Refusal Form", which is attached to his affidavit and is now part of the appeal record. This document, which is signed by Gutis, indicates that Gutis found that there was probable cause to arrest the plaintiff on the drunk driving charge, that the police in fact arrested him, that he had been operating the vehicle, and that the plaintiff refused to be tested. Those, of course, are the four findings necessary to support the suspension decision. The document also contains an order to "suspend 1 year."
Based on the additional material in the record, as summarized above, the court finds that the hearing officer did in fact sign his decision in the case. The fact that the copies of the decision which were mailed to the plaintiff and initially filed in court did not bear Gutis' handwritten signature is of no significance in this appeal. The defendant Commissioner has demonstrated indisputably that those documents are true representations of the agency's final decision in the plaintiff's case. Furthermore, a showing of substantial prejudice is an essential element of an appeal from the action of an administrative agency. See General Statutes 4-183(j). However, the plaintiff has not shown how he has been prejudiced in the slightest by the Commissioner's delivery to him of the copy of the decision in question. For these reasons, the plaintiff's arguments with respect to the CT Page 1065 lack of a handwritten signature on his copy of the hearing officer's final decision cannot be sustained.
The appeal is dismissed.
Maloney, J.